## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES AND FIDUCIARIES OF THE SHEET METAL WORKERS LOCAL UNION NO. 25 NEW JERSEY ANNUITY FUND;<br>440 Barell Avenue<br>Carlstadt, NJ 07072<br><br>and<br><br>TRUSTEES AND FIDUCIARIES OF THE SHEET METAL WORKERS LOCAL NO. 25 NEW JERSEY WELFARE FUND;<br>440 Barell Avenue<br>Carlstadt, NJ 07072<br><br>and<br><br>TRUSTEES AND FIDUCIARIES OF THE SHEET METAL WORKERS LOCAL UNION NO. 25 NEW JERSEY VACATION FUND;<br>440 Barell Avenue<br>Carlstadt, NJ 07072<br><br>and<br><br>SHEET METAL WORKERS LOCAL UNION NO. 25 NEW JERSEY ANNUITY FUND; SHEET METAL WORKERS LOCAL UNION NO. 25 NEW JERSEY WELFARE FUND; SHEET METAL WORKERS LOCAL UNION NO. 25 NEW JERSEY VACATION FUND; SHEETMETAL WORKERS LOCAL UNION NO. 25 JOINT LABOR MANAGEMENT TRUST FUND<br>440 Barell Avenue<br>Carlstadt, NJ  07072<br>                              *Plaintiffs*<br><br>v.<br><br>PRECISION AIR BALANCING<br>396 US Highway 206 South<br>Newton, NJ 07860<br>                              *Defendant.* | : CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# COMPLAINT

The Trustees and Fiduciaries ("Fund Trustees") for, on behalf of, and along with the Sheet Metal Workers Local Union No. 25 New Jersey Annuity Fund ("Annuity Fund"), Sheet Metal Workers Local Union No. 25 New Jersey Welfare Fund ("Welfare Fund"), Sheet Metal Workers Local Union No. 25 New Jersey Vacation Fund ("Vacation Fund"), Sheetmetal Workers Local Union No. 25 Joint Labor Management Trust Fund ("JLM Fund") for their Complaint herein respectfully allege as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1), (b) and (c) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f) and §1451(a)(1), (b) and (c), respectively, and §301(a) of the Labor Management Relations Act ( hereinafter "LMRA"), 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), because all of the Plaintiffs and the Defendant have offices in New Jersey.

## PARTIES

3. The Annuity Fund, Welfare Fund, and Vacation Fund (collectively, "ERISA Plaintiffs") are trust funds established under LMRA, Section 302(c)(5), 29 U.S.C. § 186(c)(5), and are "multiemployer plans" and "employee benefit plans" within the meaning of Section 3(1), (2), (3), and (37) of ERISA, 29 U.S.C. § 1002(1), (2), (3), and (37).

4. The JLM Fund is a jointly trusteed cooperative trust fund with federal tax-exempt status under section 501(a) of the Internal Revenue Code, 26 U.S.C. § 501(a), as an exempt organization under Section 501(c)(5) of the Internal Revenue Code.

5. The Annity Fund Trustees, Welfare Fund Trustees, and Vacation Fund Trustees ("ERISA Trustee Plaintiffs") are trustees and fiduciaries for the various Funds within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21). They are authorized to bring this action on behalf the ERISA Plaintiffs.

6. The Plaintiffs maintain their principal place of business and are administered from offices listed in the caption, which are located in the District of New Jersey.

7. Defendant Precision Air Balancing ("Company") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) which maintains the business address listed in the caption.

8. Defendant Company has authorized the Sheet Metal Contractors Association of Northern New Jersey ("SMCANNJ") to act as its collective bargaining representative with Sheet Metal Workers Local 25 and through SMCANNJ is party to a collective bargaining agreement ("CBA") with Sheet Metal Workers Local 25, which is within the jurisdiction of the Plaintiffs. The CBA requires Defendant Company to make payment of employee benefit contributions to the Plaintiffs for work performed under the CBA. A true and correct copy of the most recent CBA and signature page is attached hereto as Exhibit A.

9. Defendant Company also has a contractual obligation to produce upon request to the Plaintiffs all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Plaintiffs.

## CAUSE OF ACTION

10. The above paragraphs are incorporated herein by reference as though duly set forth at length.

11. In 2019, the Defendant Company refused to schedule an audit with the Plaintiffs' auditor, MSPC Certified Accountants and Advisors, P.C.("Auditors").

12. By letter dated January 15, 2020, counsel for the Plaintiffs demanded the Defendant Company contact the Auditors to provide the necessary information within 10 days and fully participate in the audit. A true and correct copy of the January 15, 2020 correspondence is attached hereto as Exhibit B.

13. The Defendant Company failed and refused to provide the documentation.

14. The Defendant Company's financial books and records are in the absolute and exclusive control of the Defendant Company.

15. The potential hardships to the Defendant Company by an Order requiring the Defendant Company to grant the auditors access are outweighed by the Plaintiffs' interests in assuring that the Defendant Company has fulfilled their contractual and statutory obligations to the Plaintiffs.

16. There is no adequate remedy at law.

17. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter an order requiring that the Defendant Company provide the Plaintiffs' auditors access to all necessary information to complete a payroll audit for the period from January 1, 2016, through April 30, 2020;

(2) Enter an order requiring the Defendant Company to schedule a time for the Plaintiffs' auditors to visit the Defendant Company premises to complete the audit no later than thirty (30) days following the date of entry of the order;

(3) Retain jurisdiction to enter judgment for any employee benefit contributions found due and owing as a result of the audit;

(4) Enter judgment in favor of the Plaintiffs and against the Defendant Company for attorneys' fees and costs pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(D); and

(5) Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY: *Regina C. Hertzig*
REGINA C. HERTZIG, ESQUIRE
RYAN R. SWEENEY. ESQUIRE
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Date: April 21, 2020

## **VERIFICATION**

Regina C. Hertzig, Esquire, hereby states that she is the attorney for Plaintiffs Trustees and Fiduciaries of the Sheet Metal Workers Local Union No. 25 New Jersey Annuity Fund; Trustees and Fiduciaries of the Sheet Metal Workers Local Union No. 25 Welfare Fund; Trustees and Fiduciaries of the Sheet Metal Workers Local Union No. 25 New Jersey Vacation Fund; Sheetmetal Workers Local Union No. 25 New Jersey Annuity Fund; Sheet Metal Workers Local No. 25 New Jersey Welfare Fund; Sheet Metal Workers Local Union No. 25 New Jersey Vacation Fund; Sheetmetal Workers Local Union No. 25 Joint Labor Management Trust Fund in the above matter. The undersigned states that the facts set forth in the within Complaint are true and correct to the best of her knowledge, information and belief.

/s/ Regina C. Hertzig
REGINA C. HERTZIG, ESQUIRE
Attorney for Plaintiffs

Date: 04/21/2020